## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDDIE RICHARDS**                                           **CIVIL ACTION**

**VERSUS**                                                   **NO. 24-1529**

**RHONDA B. WALLACE, ET AL.**                                **SECTION "J"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Complaint (ECF No. 1)

Plaintiff Eddie Richards ("Richards"), is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). ECF No. 1-3. Richards filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against the State of Louisiana through the Louisiana Department of Public Safety and Corrections ("DOC") and DOC Secretary James LeBlanc, RCC Warden Travis Day, RCC Medical Director Wheat, Lt. Rhonda B. Wallace, Lt. McMurray, and Nurse Reed Wallace, each in their individual and official capacities. ECF No. 1, ¶(B)-(H), at 2. Richards asserts that the defendants' actions subjected him to cruel and unusual punishment and denied him equal protection and adequate medical care to cover up their wrong-doings. *Id.*, ¶(4), at 4.

Richards alleges that on December 23, 2023, he was in the RCC kitchen eating his noon meal when he was attacked and thrown out of his wheelchair by Lt. Wallace and Lt. McMurray.

*Id*. at ¶(5).  He also claims that Lt. Wallace pushed his wheelchair at a high rate of speed causing it to hit a fence and fence post.  *Id*. at ¶(6).  He further alleges that Lt. McMurray forcefully snatched him off of the ground and slammed him back into the wheelchair.  *Id*.

Richards acknowledges that he was taken to the RCC medical infirmary.  *Id*. at ¶(7).  However, he claims that he was not properly treated by Nurse Wallace as part of an attempt to hide and conceal the wrongs by her relative, Lt. Wallace, and by Lt. McMurray.  *Id*., ¶(8)-(9), at 5.  He claims that he still has not been properly treated for his injuries.  *Id*., ¶(11), at 4.

Richards further claims that he wrote Warden Day on four occasions asking to be sent to an outside hospital but the Warden never responded.  *Id*. at ¶(10).  Richards attached a copy of an envelope indicating that he attempted to complete two steps of the administrative grievance process, one of which was sent to Warden Day.  ECF No. 1-1, at 1.

He also alleges that Lt. Wallace issued a disciplinary report in retaliation and to cover-up her wrongful actions.  ECF No. 1, ¶(12), at 6.  He claims her report was false and claimed that because he was not an insulin dependent diabetic, he was not supposed to be in the kitchen at that time.  Richards contends that the prison only called insulin dependent diabetics twice a day, at 5:00 a.m. and 4:00 p.m.  He claims that no diabetic "shoots insulin" during the noon period, when he lawfully was in the kitchen.  He further claims that on January 10, 2024, Lt. Wallace bragged about having dumped two different inmates out of their wheelchairs but "they haven't sent me home yet."  *Id*. at ¶(13).  Richards alleges that on February 13, 2024, another guard quit because Lt. Wallace wanted him to lie about inmates so she could lock them up on false disciplinary charges.  *Id*. at ¶(14).  Richards denies having done anything to justify the actions of the defendants.  *Id*., ¶26, at 8.

Richards alleges that, as a result of the battery by Lt. Wallace and Lt. McMurray, he suffered injuries to his head, back, and neck, and reinjured other injuries he already had. *Id.*, ¶(22), at 7.  He seeks $1 million in damages for his past and future physical and mental pain and suffering, loss of enjoyment of life, and medical expenses. *Id.* at ¶25; *id.*, ¶V, at 3.  He also asks that he not be harassed or discriminated against for having filed this lawsuit.  *Id.*  Richards requests that a federal probe be conducted under RICO for defendants' part in organized crime.  *Id.*  He further requests that the inmate assisting him in preparing his lawsuit not be transferred to another facility. *Id.*  Richards also seeks adequate medical care and examination of the credentials held by the doctors and medical staff.  *Id.*  Finally, Richards requests an order for costs associated with his litigation, for defendants to retain all camera footage, and for defendants to be criminally charged. *Id*.

## II.    <u>Standards of Review for Frivolousness</u>

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not

3

exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).  Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Analysis

Dismissal for frivolousness or failure to state a claim under § 1915(e)(2)(B)(ii) and § 1915A(b)(1) "turns on the sufficiency of the 'factual allegations' in the complaint."  *Smith v. Bank of America, N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)).  The plaintiff's facts and allegations must be sufficient to allow the Court "to infer more than the mere possibility of misconduct."  *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011).  For the following reasons, Richards's factual allegations fall far short of what is required to state a non-frivolous claim against the defendants.

### A.    State of Louisiana through the DOC and Defendants in an Official Capacity

Under a broad reading of his complaint, Richards appears to have named the State of Louisiana through the DOC as "defendants' employer," alleging that it "fail[ed] to properly train, instruct, and supervise its workers and employees, whom are all acting under the color of state law," and is "also liable for the acts and omissions of its workers and employees, whom all were acting under the color of state law." ECF No. 1, ¶IV(2)-(3), at 2-3.  Richards does not indicate in his complaint why he named Secretary LeBlanc, Warden Day, or Medical Director Wheat as defendants, except to designate each as a defendant in his respective titled position, including in

their official capacity.  In connection with the wheelchair incident and alleged denial of adequate medical care, he also named the other defendants, Nurse Wallace, Lt. McMurray, and Lt. Wallace, in their official capacities.

When a constitutional violation is alleged, § 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights.  42 U.S.C. § 1983.  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  A plaintiff must prove both the constitutional violation and that the action was taken by a "person" under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981).  For the reasons that follow, the State through the DOC and its employees, in their official capacities, are not persons suable under § 1983 and are otherwise immune from suit for damages.  *Will v. Mich. Dep't of St. Pol.*, 491 U.S. 58 (1989); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007).

When a state actor is sued in his or her official capacity, the action is considered to be one taken against the entity the official represents.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978).  Secretary LeBlanc is the secretary of the DOC, which is a department within the Louisiana state government.  La. Stat. Ann. § 36:401; *Champagne v. Jeff. Par. Sheriff's Off.*, 188 F.3d 312, 313-14 (5th Cir. 1999) (finding the DOC to be a Louisiana state agency).  The Warden, Medical Director, the nurse, and the two correctional officers are employed at RCC, which is a state-owned, DOC jail facility.  *See, e.g., Francois v. Rigdon*, No. 08-3485, 2009 WL 1379723, at *4 (E.D. La. May 14, 2009); *Demouchet v. Rayburn Corr. Ctr.*, No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008).  Thus, suit against defendants LeBlanc, Day, Wheat, Nurse Wallace, and Lieutenants Wallace and McMurray, each in their official capacity, is

the same as suit against the DOC, an arm of the State of Louisiana.  *Francois*, No. 08-3485, at *4. Both the State and the DOC have also been named as defendants in this case.

However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will*, 491 U.S. at 71.  By including the State, the DOC, and the other defendants in their official capacities, Richards failed to identify a person for purposes of suit under § 1983.

Furthermore, under the Eleventh Amendment to the United States Constitutions, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."  *Rodriguez v. Tex. Comm'n on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. Const. amend. XI).  "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'"  *Med RX/Sys., P.L.L.C. v. Tex. Dep't of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).  For Eleventh Amendment purposes, the DOC is considered an arm of the State of Louisiana since any money judgment against it or its facilities and subdivisions necessarily would be paid from state funds.  *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985); *Champagne*, 188 F.3d at 313-14.

The United States Fifth Circuit Court of Appeals has summarized the impact of the Eleventh Amendment on suits brought pursuant to § 1983:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts.  When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity.  By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La. Rev. Stat. Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

6

*Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne*, 188 F.3d at 313-14; *McGuire v. Lafourche Par. Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).

While a State may expressly waive this Eleventh Amendment sovereign immunity,[1] Louisiana has by statute declined to do so.  *See* La. Stat. Ann. § 13:5106(a); *Cozzo*, 279 F.3d at 281.  In addition, Congress has not abrogated Eleventh Amendment immunity for cases brought pursuant to § 1983.  *See Id*. at 281; *see also Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").

Therefore, Eleventh Amendment immunity is applicable to § 1983 claims against the State of Louisiana, the DOC, and by extension, official-capacity claims against a Louisiana state officials.  *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010); *Muhammad v. Louisiana*, No. 99-2694 c/w 99-3742, 2000 WL 1568210, at *1 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. Jun. 14, 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. Sept. 28, 1978)).  This court, therefore, lacks jurisdiction over Richards's Complaint against the State of Louisiana, the DOC as a state agency, and the other defendants in their official capacities.  *Bryant v. Texas Dep't of Aging and Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015)

---

[1] *See Seminole Tribe v. Florida*, 517 U.S. 44, 53-54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986).

("When the Eleventh Amendment applies, [federal] courts lack subject-matter jurisdiction over the claim.").

The Supreme Court has recognized a narrow exception to the Eleventh Amendment doctrine which would not protect state officials in an official capacity from suit for certain declaratory and prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Saltz v. Tenn. Dep't of Emp. Sec'y*, 976 F.2d 966, 968 (5th Cir. 1992); *see K.P.*, 627 F.3d at 124. The Supreme Court curtailed *Ex parte Young*'s exception by limiting its availability to *only* extraordinary circumstances. The Supreme Court has defined extraordinary circumstances to be when suit is filed (1) against a state official, (2) seeking only prospective injunctive relief, (3) to end a "continuing violation of federal law." *Seminole Tribe of Fla.*, 517 U.S. at 73. Thus, "to avoid an Eleventh Amendment bar by means of *Ex parte Young*, "'a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344-45 (5th Cir. 2013) (quoting *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011)).

In this case, Richards's allegations relate to alleged past use of excessive force and alleged past lack of medical treatment. While he asks for relief to prevent possible future retaliation, and other proactive investigations into past behavior, he has not alleged sufficient facts to convey that any alleged constitutional violation is ongoing. Furthermore, the speculation of future injury based wholly upon past injury is insufficient to establish constitutional standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Richards's Complaint, therefore, fails to provide any basis for this Court to impose the narrow and limited *Ex parte Young* exception to this case.

Thus, Richards's claims against the State of Louisiana through the DOC and against Secretary LeBlanc, Warden Day, Director Wheat, Nurse Wallace, Lt. McMurray, and Lt. Wallace, each in their official capacity, should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e, as frivolous, for lack of jurisdiction, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

### B.    Claims Against Defendants in an Individual Capacity

Richards named the defendants Secretary LeBlanc, Warden Day, Director Wheat, Nurse Wallace, Lt. McMurray, and Lt. Wallace in their individual capacity.  To succeed on an individual-capacity § 1983 claim, a plaintiff must establish that the defendant, while acting under color of state law, was personally involved in the deprivation of a right secured by the laws or constitution of the United States, or that the defendant's wrongful acts were casually connected to such a deprivation.  *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).  "It is not enough for a plaintiff to simply allege that something unconstitutional happened to him.  The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm."  *Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020).

### a.    Secretary LeBlanc, Warden Day, and Medical Director Wheat

As noted above, Richards provides no specific factual basis for naming Secretary LeBlanc, Warden Day, or Medical Director Wheat as defendants.  A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).  Richards does not allege that any of these officials were involved in the wheelchair incident or the subsequent treatment for his injuries.  The fact that Warden Day failed

to respond to Richards's grievance letters is not sufficient to state a cognizable claim against him, since plaintiff has no right to an effective or successful grievance process. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Without some direct involvement in the alleged use of force or inadequate medical care, Richards has failed to state a claim or basis for the three defendants to held liable under § 1983.

In addition, these officials cannot be held responsible pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). A supervisory official may be held liable for his subordinates' actions only if the named official issued an order or implemented an unconstitutional policy that causally resulted in plaintiff's injury. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). Richards has not alleged any such level of involvement or liability against Secretary LeBlanc, Warden Day, or Director Wheat.

Therefore, Richards's claims against Secretary LeBlanc, Warden Day, and Director Wheat, each in his individual capacity, must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### b.  <u>Nurse Wallace</u>

Richards claims that, after the wheelchair incident, he was taken to be seen by Nurse Wallace. Richards claims simply that he was not properly treated or given proper medical attention

for his injuries by Nurse Wallace in an attempt to hide and conceal the actions of Lt. McMurray and Lt. Wallace, whom he claims is related to Nurse Wallace.

Deliberate indifference by prison personnel or medical staff to an inmate's serious medical needs constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006); *Lewis v. Evans*, 40 F. App'x 263, 264 (5th Cir. 2011). A prison official is deliberately indifferent if he or she has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515 (7th Cir. 2002) (same). Deliberate indifference is manifested in the providers intentional denial of medical care or intentional interference with the treatment once prescribed. *Farmer*, 511 U.S. at 847. To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

Richards claims that he was not "properly treated or given proper medical attention" by Nurse Wallace after his fall from the wheelchair. Richards does no allege that he was denied care or that the nurse refused to treat him; instead, he claims only that the treatment was not proper. However, he fails to provide facts to support his suggestion that the treatment he received was not "proper." To state a non-frivolous claim of denial of medical care, a plaintiff must establish deliberate indifference by showing that an official "refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Alderson v. Concordia Parish Corr'l Facility*, 848 F.3d 415, 422 (5th Cir. 2017). Richards has not alleged any facts demonstrating this level of indifference to a serious medical need. *Accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (mere "naked assertions" without "further factual enhancement" do not state a claim for relief).

In addition, Richards's mere disagreement with Nurse Wallace's level of care is not a basis for liability under the Eighth Amendment. *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019); *Gobert*, 463 F.3d at 346. The Nurse's determination about the form of treatment or whether to provide treatment at all is "a classic example of a matter for medical judgment" that does not constitute deliberate indifference. *Estelle*, 429 U.S. at 107. Even assuming that Nurse Wallace could have exercised a different treatment plan or erred in her professional judgment, allegations of negligence or even malpractice are insufficient to establish deliberate indifference and do not state a constitutional violation. *See Estelle*, 429 U.S. at 106; *Gibson*, 920 F.3d at 219-20. Richards has failed to state a non-frivolous claim of medical indifference against Nurse Wallace.

Richards also claims that Nurse Wallace conspired with Lt. Wallace to cover up the incident with the wheelchair. In order to establish a conspiracy claim under § 1983, a plaintiff must show (1) "an actual violation of [Section] 1983" and (2) "an agreement by the defendants to commit an illegal act." *Leggett v. Williams*, 277 F. App'x 498, 501 (5th Cir. 2008). Without an underlying actionable § 1983 claim, no actionable conspiracy claim exists. *Kerr v. Lyford*, 171 F.3d 330, 341-42 (5th Cir. 1999), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). In addition, "[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." *Id.* (citing *Hale v. Harney*, 786 F.2d

688, 690 (5th Cir. 1986)).  In pleading specific facts of conspiracy, a plaintiff must allege the operative facts of the alleged conspiracy.  *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).

Considering the first factor, Richards has not stated a claim of medical indifference by Nurse Wallace or, as discussed in detail below, an excessive force claim against Lt. Wallace. Therefore, there is no stated § 1983 claim to support the suggestion of a conspiracy between these two defendants.

Under the second factor, Richards has alleged no facts to support his conclusory claim that Nurse Wallace and Lt. Wallace agreed to commit any illegal or unconstitutional act.  His claims instead are conclusory and supported solely by his subjective belief that a conspiracy existed; that belief is insufficient to state a claim.  *See Kerr*, 171 F.3d at 341-42.

For these reasons, Richards's § 1983 claims of medical indifference and conspiracy against Nurse Wallace should be dismissed pursuant to § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### c.    Lts. Wallace and McMurray: Excessive Force

Richards claims that, after finding him in the cafeteria, Lt. Wallace pushed his wheelchair at a high rate of speed causing it to hit the fence and a post, which apparently cause him to fall out of the wheelchair.  He then claims that Lt. McMurray "snatch[ed]" him off the ground and "slammed" him back into the wheelchair.

To state an Eighth Amendment excessive force claim, a plaintiff must allege that the force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury.  *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010).  Under this test, prison guards can only be

liable if they have committed more than "mere negligence," as "ordinary errors of judgment" are not enough. *Whitley v. Albers*, 475 U.S. 312, 322 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986) (claim of mere negligence on the part of a prison official is not cognizable under § 1983); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 647-48 (5th Cir. 1996) (same).

In his complaint, Richards claims that Lt. Wallace speedily pushed his wheelchair which caused it to hit the fence and fence post. He does not allege that Lt. Wallace took any action intentionally or for the purpose of causing him injury. He simply alleges that her speedy pushing of the wheelchair resulted in collision with the fence post. "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (quotation marks and citations omitted). Richards's conclusory assertions are not sufficient to state a claim for intentional indifference to his safety or the intentional use of force to cause harm.

The same is true of his claim against Lt. McMurray, who he alleges quickly picked him up and put him back in his chair. While Richards uses the words "snatch" and "slammed," he does not indicate that Lt. McMurray acted with intent to cause him harm or did so at risk to his safety or health when he acted quickly to get plaintiff off of the ground. Mere errors in judgment and even "negligently inflicted harm is categorically beneath the threshold" for stating a constitutional violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Whitley*, 475 U.S. at 322 (1986).

For these reasons, Richards's claims of intentional indifference or excessive force by Lt. Wallace and Lt. McMurray are frivolous and fail to state a claim for which relief can be granted. The claims should be dismissed pursuant to § 1915(e) and § 1915A.

14

### d.    Lt. Wallace: False Disciplinary and Conspiracy

Richards also alleges that Lt. Wallace filed a false disciplinary report against him claiming that he had no right to be in the cafeteria when he was found there.  As discussed above, he also claims that she conspired with Nurse Wallace to prevent him from receiving proper medical attention.  For the reasons stated above, the conspiracy claim as to Lt. Wallace is also frivolous and fails to state a claim for which relief can be granted.

Richards's claim of false disciplinary charges is also frivolous.  An inmate's allegation that a prison official asserted false disciplinary charges against him fails to state a claim under § 1983 because the prisoner is afforded due process protections, and the ability to challenge the charges, through the prison disciplinary process.  *Harris v. Smith*, 482 F. App'x 929, 930 (5th Cir. 2012) (quoting *Collins v. King*, 743 F.2d 248, 253–54 (5th Cir. 1984)); *accord Doolittle v. Holmes*, 306 F. App'x 133, 134 (5th Cir. 2009); *Moore v. Butler*, 211 F.3d 593, 2000 WL 329165, at *1 (5th Cir. 2000).

For these reasons, Richards's claims of false disciplinary charges and conspiracy against Lt. Wallace should be dismissed pursuant to § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### e.    Equal Protection

Richards states in his complaint that the defendants denied him equal protection.  Not only does he fail to identify which defendants against whom he asserts this claim but he failed to present any allegation or fact that could be read to broadly present an equal protection claim.  For that reason alone, any such claim is frivolous.  Failure to identify the person against whom he asserts the claim is fatal to stating a § 1983 claim.  *See Flagg Bros.*, 436 U.S. at 156 (a plaintiff bringing

a § 1983 complaint is required to identify both a constitutional violation and the responsible person acting under color of state law).

In addition, the Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks and citations omitted); *see Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016). To establish an Equal Protection Clause violation, a plaintiff must prove "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (internal quotation marks and citation omitted); *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007).

A claim like that brought by plaintiff, or a "class of one claim," alleges differing treatment that is not based on membership in a suspect class or on the infringement of a fundamental right. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008); *Wood*, 836 F.3d at 539. "'[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action - even if irrational - does not deny them equal protection of the laws.'" *Little v. Tex. Atty. Gen.*, No. 14-CV-3089, 2015 WL 5613321 at *6 (N.D. Tex. Sep. 24, 2015) (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997)). Thus, to state a claim, the plaintiff must allege that "(1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Id.* (internal quotation marks and citation omitted). A plaintiff must show "that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000),

16

*overruled on other grounds*, *McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir. 2002)).

In this case, Richards merely mentions the phrase "equal protection" in his complaint. Even under a broad reading of his *pro se* pleading, Richards fails to allege anywhere in his complaint that he was treated differently from any other similarly situated prisoner by any defendant. His claims are conclusory and insufficient to state a claim of denial of equal protection or any form of discrimination. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir.1990) (vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim); *Chapman v. Bee Cnty. Jail Medical Provider*, No. 22-00117, 2022 WL 4486411, at *6 (S.D. Tex. Aug. 23, 2022), *report and recommendation adopted by* 2022 WL 4490177, at *1 (S.D. Tex. Sep. 27, 2022). Richards provides no specific facts or allegations, nor does he identify a state actor who engaged in a denial of equal protection or treated him differently from other similarly situated inmates.

Without any of this, Richards failed to allege a non-frivolous claim of denial of equal protection. *Alvarez v. Bergt*, No. 16cv39, 2016 WL 11200944, at *6 (E.D. Tex. Aug. 10, 2016) (recognizing that, in order to state a "'class of one' equal protection claim," plaintiff must allege facts "showing any such differential treatment had no rational basis"). For these reasons, Richards's denial of equal protection claim against the defendants should be dismissed pursuant to § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### C.    State Law Tort Claims

Richards seeks relief for his injuries cause by the alleged battery by Lt. Wallace and Lt. McMurray. As mentioned above, claims based on state law theories of battery, negligence, and other tortious acts are not sufficient to state a § 1983 claim. *See Estelle*, 429 U.S. at 106; *Gibson*,

920 F.3d at 219-20. The Court has discretion either to decline or exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c)(3). For the reasons outlined in this Report, all of Richards's § 1983 claims may be dismissed with prejudice pursuant to § 1915(e) and § 1915A. Under the provisions of § 1367(c), and balancing the relevant factors of judicial economy, convenience, fairness and comity,[2] the Court should decline to exercise supplemental jurisdiction and dismiss without prejudice Richards's state law battery claims against Lt. Wallace and Lt. McMurray.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff Eddie Richards's 42 U.S.C. § 1983 claims against defendants, the State of Louisiana through the Louisiana Department of Public Safety and Corrections and Secretary James LeBlanc, Warden Travis Day, Medical Director Wheat, Lt. Rhonda B. Wallace, Lt. McMurray, and Nurse Reed Wallace, each in their individual and official capacities, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, as frivolous, for lack of jurisdiction, for seeking relief from an immune defendant, and/or for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction and **DISMISS WITHOUT PREJUDICE** Richards's state law battery claims against defendants Lt. Wallace and Lt. McMurray.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[2] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this __30th__ day of July, 2024.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.